1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK W. LARSEN,<br><br>                          Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>                          Defendant. | NO: 13-CV-0385-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

        BEFORE THE COURT are the parties' cross motions for summary

judgment (ECF Nos. 14 and 15).  Plaintiff is represented by Joseph M. Linehan.

Defendant is represented by Jeffrey R. McClain.  This matter was submitted for

consideration without oral argument.  The Court has reviewed the administrative

record and the parties' completed briefing and is fully informed.  For the reasons

discussed below, the Court grants Defendant's motion and denies Plaintiff's

motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

1    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2    Commissioner must find that the claimant is not disabled.  20 C.F.R.

3    §§ 404.1520(b), 416.920(b).

4         If the claimant is not engaged in substantial gainful activities, the analysis

5    proceeds to step two.  At this step, the Commissioner considers the severity of the

6    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

7    claimant suffers from "any impairment or combination of impairments which

8    significantly limits [his or her] physical or mental ability to do basic work

9    activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

10    416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11    however, the Commissioner must find that the claimant is not disabled.  *Id.*

12         At step three, the Commissioner compares the claimant's impairment to

13    several impairments recognized by the Commissioner to be so severe as to

14    preclude a person from engaging in substantial gainful activity.  20 C.F.R.

15    §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

16    severe than one of the enumerated impairments, the Commissioner must find the

17    claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

18         If the severity of the claimant's impairment does meet or exceed the severity

19    of the enumerated impairments, the Commissioner must pause to assess the

20    claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R.

§§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of

the analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in

the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv),

416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R.

§§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work,

the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

the Commissioner must also consider vocational factors such as the claimant's age,

education and work experience.  *Id.*  If the claimant is capable of adjusting to other

work, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

§§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to

other work, the analysis concludes with a finding that the claimant is disabled and

is therefore entitled to benefits.  *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for disability insurance benefits and supplemental security income benefits on January 12, 2010. Tr. 196-204, 205-213. Plaintiff's applications were denied initially and on reconsideration. Tr. 147-49, 152-56, 157-62. Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on May 2, 2012. Tr. 67-118. The ALJ issued a decision denying Plaintiff benefits on June 5, 2012. Tr. 19-34.

The ALJ found that Plaintiff only met the insured status requirements of Title II of the Social Security Act through December 31, 2008. Tr. 21. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 15, 2009, the day after a prior ALJ decision rejecting disability benefits. Tr. 21. At step two, the ALJ found that Plaintiff had the following severe impairments: right leg amputation above the knee; left knee meniscus tear and

chondromalacia; right shoulder degenerative joint disease; alcohol and marijuana

abuse, in remission since December 2009; and obesity.  Tr. 22-24.  The ALJ then

determined that Plaintiff had the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a),
> 416.967(a) meaning that he can lift no more than 10 pounds,
> occasionally lifting and carrying articles like files, ledgers and small
> tools, that he can sit for approximately six hours in an eight-hour day,
> and that he can walk and/or stand no more than two hours in an eight-
> hour day.  Additionally, the claimant can push and pull within his
> lifting restrictions, and never climb ladders, ropes, scaffolds, ramps or
> stairs.  He can occasionally balance, stoop, and crouch, but can never
> kneel or crawl.  He can occasionally reach overhead with his right
> upper extremity.  The claimant must avoid all concentrated exposure
> to poorly ventilated areas, concentrated exposure to industrial irritants
> such as fumes, odors, dust, chemicals and gases, and must avoid all
> exposure to unprotected heights and the use of moving machinery.

Tr. 24-25.  At step four, the ALJ found that Plaintiff was unable to perform any

past relevant work.  Tr. 28.  At step five, after considering Plaintiff's age,

education, work experience, and RFC, the ALJ found Plaintiff could perform other

work existing in significant numbers in the national economy, such as cashier II

and sewing machine operator.  Tr. 29.  Accordingly, the ALJ found that Plaintiff

was not disabled under the Social Security Act and denied his claims on that basis.

Tr. 30.

Plaintiff requested review by the Appeals Council on June 14, 2012.  Tr. 14.

The Appeals Council denied this request on September 13, 2013, Tr. 1-6, making

the ALJ's decision the Commissioner's final decision for purposes of judicial

review.   20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUE

Whether the ALJ properly weighed the medical opinion evidence.

## DISCUSSION

There are three types of physicians:  "(1) those who treat the claimant

(treating physicians); (2) those who examine but do not treat the claimant

(examining physicians); and (3) those who neither examine nor treat the claimant

[but who review the claimant's file] (nonexamining [or reviewing] physicians)."

*Holohan v. Massanari*, 246 F.3d 1195, 1201-1202 (9th Cir. 2001) (citations

omitted) (brackets in original).  "Generally, a treating physician's opinion carries

more weight than an examining physician's, and an examining physician's opinion

carries more weight than a reviewing physician's."  *Id*.  "In addition, the

regulations give more weight to opinions that are explained than to those that are

not, . . . and to the opinions of specialists concerning matters relating to their

specialty over that of nonspecialists . . . ."  *Id*. (citations omitted).

A treating physician's opinions are entitled to substantial weight in social

security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted,

an ALJ may reject it only by offering "clear and convincing reasons that are

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

1  supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

2  Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another

3  doctor's opinion, an ALJ may only reject it by providing specific and legitimate

4  reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216

5  (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). However, the ALJ

6  need not accept a physician's opinion that is "brief, conclusory and inadequately

7  supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation

8  omitted).

9         Here, Plaintiff contends that he is "more limited from a physical standpoint

10  than what was determined by the ALJ." ECF No. 14 at 10. In support of this

11  contention, Plaintiff argues that the ALJ erred by failing to fully credit the opinion

12  of his treating physician, Dr. Lylana Cox. *Id.* at 10-11. Plaintiff contends Dr.

13  Cox's opinions should have been given controlling weight. *Id.* at 12.

14         First, Plaintiff contends that in October 2011, Dr. Cox opined that Plaintiff

15  was "unable to lift more than ten pounds, wheelchair bound" and "could not

16  participate for more than one to ten hours of activities related to preparing for and

17  looking for work." ECF No. 14 at 11. Plaintiff ignores that Dr. Cox also then

18  opined that he was capable of performing sedentary work. Tr. 384. The ALJ

19  accepted Dr. Cox's opinion that Plaintiff could perform sedentary work, but

20  rejected Dr. Cox's opinion that Plaintiff was wheelchair bound. Tr. 27.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1   Specifically, the ALJ found:

2          [T]he claimant had been able to attend several appointments at
           Spokane Addiction Recovery Center. His treatment notes from May
3          2010 specifically indicate that the claimant was able to get around on
           crutches and that his attendance in treatment was only affected by his
4          condition when he sprained his wrist and was unable to use his
           crutches for a period of about three weeks. In July 2011, Dr. Cox also
5          indicated that the claimant was unable to bear weight on his left knee.
           Because her opinion is clearly inconsistent with the claimant's
6          activities such as attending classes despite his physical condition, and
           the fact that the claimant was ambulatory with crutches, Dr. Cox's
7          opinion that the claimant was unable to bear any weight on his left
           knee is given little weight.
8

9   *Id*. (citations to the record omitted).  These are specific and legitimate reasons for

10  discounting Dr. Cox's opinion that are supported by substantial evidence.

11         Next, Plaintiff contends that in April 2012, Dr. Cox opined that Plaintiff

12  "could occasionally lift up to 10 pounds and occasionally carry up to 10 pounds",

13  "could sit for three hours at one time and sit a total of six hours in an eight-hour

14  workday", "could only stand approximately one hour in an eight hour workday",

15  "would need to be lying down [the remainder of the time]", "was only able to

16  ambulate with a wheelchair or crutches", "should never reach overhead with either

17  his left or right hand", and "should never push or pull with his right or left hand."

18  ECF No. 14 at 11.

19         The ALJ rejected Dr. Cox's opinion, except for her opinion that Plaintiff

20  was capable of sedentary work.  Tr. 28.  Significantly, the ALJ found:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

1

2

3

4

5

> [Dr. Cox] also opined that the claimant could never perform postural activities and that he was unable to perform activities like shopping, preparing simple meals and feeding himself, caring for personal hygiene, or sorting and handling paper files. However, the claimant indicated in his function report from March 2010 that he prepared meals daily and had no difficulty feeding himself, and that he was able to take public transportation. He also indicated that he was able to fold laundry, which is inconsistent with Dr. Cox's opinion that the claimant could not handle paper files.

6    Tr. 27-28 (citations to the record omitted).  Again, these are specific and legitimate

7    reasons that are supported by substantial evidence.  Plaintiff's own statements

8    directly contradict Dr. Cox's conclusions.

9        Next, Plaintiff argues that "Dr. Cox's opinion is consistent with other

10   treating source opinions of ARNP Colley, and Debra Stimpson, PA-C."  ECF No.

11   16 at 4.  The opinions of Ms. Colley that Plaintiff references are from 2008, a

12   period of time that was the subject of a prior ALJ decision rejecting disability

13   benefits for Plaintiff.  Thus, Ms. Colley's records are not directly relevant to this

14   appeal.  An ALJ must explain why "significant, probative evidence has been

15   rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  However,

16   an ALJ need not discuss all evidence presented to him.  *Id.*  The ALJ did not err by

17   failing to discuss Ms. Colley's findings.

18       The ALJ did, however, consider the opinion of Ms. Stimpson, PA-C who

19   had completed a physical evaluation of Plaintiff in July of 2009.  Tr. 27.  Ms.

20   Stimpson indicated that Plaintiff was "severely limited" due to a lack of prosthesis.

Tr. 27, 307.  However, Plaintiff has since obtained a prosthesis but has chosen not to use it.  Tr. 27, 390, 400.  Plaintiff further reported that he had no difficulty performing activities such as swimming and driving.  Tr. 26, 324.  Plaintiff's reported activities are inconsistent with Ms. Stimpson's opinion that he is severely limited.  An ALJ may discount a medical opinion to the extent it conflicts with the claimant's daily activities.  *Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 601-02 (9th Cir. 1999).  Accordingly, the ALJ properly gave Ms. Stimpson's opinion little weight.

Plaintiff also contends that Dr. Norman Staley was a non-treating, non-examining medical consultant and therefore his opinion should be given little weight.  Plaintiff's medical record was reviewed by Dr. Staley in April of 2010.  Dr. Staley is a state agency medical evaluator.  Tr. 27.  Upon review of Plaintiff's record, Dr. Staley concluded that Plaintiff was capable of sedentary work, "meaning that he could lift no more than 10 pounds, sit for approximately six hours in an eight-hour day, and that he could stand and/or walk no more than two hours in an eight-hour day with a prosthesis or crutches."  Tr. 27, 333.  Charles Wolfe, M.D., another state agency evaluator, agreed with Dr. Staley's conclusion in July of 2010.  Tr. 27, 355.

A non-examining physician's opinion may amount to substantial evidence as long as other evidence in the record supports those findings.  *Tonapetyan v. Halter,*

242 F.3d 1144, 1149 (9th. Cir. 2001).  Here, the record shows that Plaintiff

engaged in activities such as working on home repairs; swimming; driving; taking

the bus while using crutches, a prosthesis, or a wheelchair; cooking; shopping; and

working on cars. Tr. 25-27, 245, 246.  Plaintiff was also able to perform household

chores such as folding laundry and doing dishes.  Tr. 26, 245.  The ALJ properly

credited the opinions of Dr. Staley and Dr. Wolfe because they were consistent

with the record.

The Court has reviewed the record as a whole and concludes that substantial

evidence supports the ALJ's conclusion.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (ECF No. 15) is

    **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** November 6, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13